UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

LEROY JOHNSON, *also known as* "ACE,"

Defendant.

15-cr-761 (RJS)
ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Leroy Johnson, proceeding *pro se*, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. (Doc. No. 27.) For the reasons set forth below, Defendant's motion is DENIED.

On January 25, 2016, Defendant pleaded guilty to one count of firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A) and six counts of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 10.) At sentencing, the Court determined that Defendant's total offense level was 30 and that he had ten criminal history points from prior convictions. (Doc. No. 24 at 10–11.) Because Defendant committed the instant offense while on parole, he received two additional criminal history points pursuant to U.S.S.G. § 4A1.1(d), which brought his total criminal history score to twelve and placed him in criminal history category V. (*Id.* at 11.) The Court determined that the Guidelines range was 151 to 188 months (*id.* at 20) and sentenced Defendant to 160 months' imprisonment to be followed by three years of supervised release (*id.* at 47–48).

Seven years later, in 2023, the Sentencing Commission adopted Amendment 821, which made several retroactive changes to the Guidelines. *See United States v. Budovsky*, No. 13-cr-368

(DLC), 2024 WL1676337, at *2 (S.D.N.Y. Apr. 18, 2024).  Among those changes was a revision to U.S.S.G. § 4A1.1(d), the provision under which Defendant received two additional points for committing the offense while on parole.  *See id.*  While the old version automatically added two points whenever a defendant committed his offense while on parole, the new version – labeled as section 4A1.1(e) –  now adds only *one* point for defendants who commit their offense while on parole and also have seven or more criminal history points.  *See* U.S.S.G. § 4A1.1(e).

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence in light of retroactive changes to the Guidelines, provided that such a reduction is consistent with the factors under 18 U.S.C. § 3553(a) as well as any "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Significantly, the policy statement that applies to retroactive Guidelines amendments – U.S.S.G. § 1B1.10 – bars the reduction of a defendant's sentence when the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).

Here, Amendment 821 does not reduce Defendant's Guidelines range.  Although Amendment 821 does lower Defendant's criminal history score by one point under new section 4A1.1(e) – reducing his total criminal history score from twelve points to eleven – this one-point reduction does not impact Defendant's criminal history category, which remains category V.  (*See* U.S.S.G. Ch. 5 Pt. A (defining criminal history category V to include defendants with ten, eleven, or twelve points).)  Nor does Amendment 821 impact Defendant's total offense level, which is still 30.  (*See* Doc. No. 24 at 10.)  Accordingly, Defendant's Guidelines range remains 151 to 188 months.  (*Id.* at 20).  Because Amendment 821 "does not have the effect of lowering [D]efendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), the Court cannot reduce Defendant's

sentence and must DENY his motion.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 27.

SO ORDERED.

Dated:     July 11, 2024
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation